UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HARRIS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>BUTTE COUNTY,<br><br>　　　　　Respondent. | No.  2:24-cv-1612 DAD CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

　　　Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

　　　As set forth below, the petition should be dismissed because petitioner is no longer in custody for the Butte County judgment in Case No. 17CF02288.

Background

　　　In Butte County Superior Court, Case No. 17CF02288, petitioner pleaded no contest to possession of a controlled substance with a firearm and was placed on three years' probation. (ECF No. 1 at 58).  Petitioner filed an appeal, but the Court of Appeal of the State of California,

1

Third Appellate District (hereafter "state appellate court") rejected petitioner's two claims. (Id.) Petitioner filed a petition for review, and the California Supreme Court granted the petition for review and transferred the case back to the state appellate court with directions to vacate the prior decision and reconsider the case in light of Assembly Bill No. 1950 (2019-2020 Reg. Sess.).[1] (ECF No. 1 at 58-59.)

The Butte County Superior Court terminated petitioner's probation as of January 8, 2021. (ECF No. 1 at 56.)

On March 18, 2021, the state appellate court issued an opinion on transfer from the California Supreme Court and reversed the three-year term of probation and ordered that the court on remand impose a term of probation not to exceed two years. (ECF No. 1 at 59.) In all other respects, the judgment was affirmed. (Id.)

On October 15, 2021, the petition for writ of habeas corpus filed in the state appellate court was denied. (ECF No. 1 at 55.)

On January 6, 2022, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Harris (Clarence Edward) on H.C., Case No. S272566 (Cal. 2022). The California Supreme Court denied the petition, citing People v. Villa, 45 Cal.4th 1063, 1066 (2009) (habeas corpus relief is unavailable where the petitioner is not in the custody of California authorities as a result of the challenged conviction).

On January 20, 2022, petitioner's petition for writ of habeas corpus filed in the Butte County Superior Court was denied because petitioner was not in custody or constructive custody. (ECF No. 1 at 54) (citing In re Wessley W., 125 Cal. App. 3d 240, 246-47 (1961)).

On December 2, 2022, the state appellate court denied petitioner's petition for writ of habeas corpus, stating he:

> failed to show he is in custody or constructive custody for purposes of pursuing habeas corpus relief. (See People v. Villa (2009) 45 Cal.4th 1063, 1074.) The April 12, 2021, order for termination of probation provided by the Butte County Superior Court reflects that

---

[1] Assembly Bill No. 1950 (Stats. 2020, ch. 328) "changed the permissible length of probation under Penal Code section 1203.1 for felony cases to a maximum of two years and under Penal Code section 1203a in misdemeanor cases to a maximum of one year." (ECF No. 1 at 64.)

petitioner has been discharged from probation.

In re Clarence E. Harris on Habeas Corpus, Case No. C097444 (Cal. App. 2022).[2]

On May 18, 2023, petitioner filed another petition for review in the California Supreme Court, which was denied without comment on June 21, 2023. People v. Harris, Case No. S280062 (Cal. 2023).

Discussion

Under 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States." Id. The Supreme Court has interpreted § 2254 as requiring that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (citation omitted). The custody requirement of § 2254 is jurisdictional. Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted).

Here, petitioner's term of probation terminated on January 8, 2021. Because petitioner is no longer on probation for the Butte County judgment in Case No. 17CF02288, he has fully served his sentence for such conviction, and is therefore no longer "in custody" for such conviction. Maleng, 490 U.S. at 491-92. Petitioner's reliance on his felony conviction, standing alone, is insufficient to demonstrate he is "in custody" as defined by the Supreme Court. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492; see, e.g., Wright v. State, 47 F.4th 954, 959 (9th Cir. 2022) (to challenge a state conviction under § 2254, petitioner "must demonstrate that (1) he was 'in custody' at the time he filed his § 2254 petition, and (2) that custody was 'pursuant to' the

---

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

3

[state court] judgment").

Because petitioner does not meet the "in custody" requirement of § 2254, his petition must be dismissed with prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California; and

IT IS RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why, and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 11, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/harr1612.156j